```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


HELEN HAMMONDS,                       )
                                      )
              Plaintiff,              )
                                      )
         v.                           )    No. 4:11 CV 1660 DDN
                                      )
MONSANTO COMPANY, SOLUTIA, INC.,      )
PHARMACIA CORPORATION, and            )
PFIZER, INC.,                         )
                                      )
              Defendants.             )
```

**MEMORANDUM AND ORDER OF REMAND**

This action is before the court on the motion of plaintiff Helen Hammonds to remand. (Doc. 11.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 24.)

**I.   BACKGROUND**

On August 25, 2010, plaintiff Helen Hammonds filed this action on behalf of herself individually and as survivor of decedent William Hammonds (William) against defendants Monsanto Co., Solutia, Inc., Pharmacia Corp., and Pfizer, Inc., in the Circuit Court of St. Louis County, Missouri. (Doc. 7.) On September 23, 2011, defendants removed the action to this court on the basis that it is a "mass action" for which federal jurisdiction exists under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2). (Doc. 1.)

According to the state court petition, plaintiff is William's widow and representative of William's estate. (Doc. 7 at ¶ 8.) William was a North Carolina resident who, on August 28, 2008, died from lymphohematopoietic cancer. (Id.) Plaintiff alleges that William's cancer arose from substantial dietary and environmental exposure to polychlorinated biphenyls (PCBs), chemical compounds used in insulating fluids in certain electrical equipment that were manufactured by the original Monsanto Chemical Company (Old Monsanto) until 1977, when Congress banned their manufacture. (Id. at ¶¶ 8, 13, 14.) Plaintiff

alleges that defendants Monsanto Co. (New Monsanto), Solutia, Inc., Pharmacia Corporation, and Pfizer, Inc. subsequently acquired portions of Old Monsanto, thereby exposing them to liability for the PCBs. (Id. at ¶¶ 9-13.)

## II.  MOTION TO REMAND

Plaintiff has moved for remand of this action to the Missouri Circuit Court.  She argues this court lacks subject matter jurisdiction over the action, because this is not a "mass action" under CAFA.  She argues that CAFA defines "mass action" generally as one involving the claims of at least 100 persons, whose claims involve common questions of law or fact.  28 U.S.C. § 1332(d)(11)(B)(i).  She argues that this case involves the claims of only one person, her.

In response, and as alleged in their notice of removal, defendants argue that this is one of seven cases[1] which collectively constitute a "mass action" under CAFA, 28 U.S.C. § 1332(d)(11).  They argue this is true, because each of these actions involves identical allegations. Defendants argue that plaintiff's counsel filed seven different lawsuits, each with less than 100 plaintiffs, to evade federal jurisdiction under CAFA.  They argue that Eighth Circuit precedent abjures efforts to avoid federal court jurisdiction by manipulative artful pleading.  Defendants argue that plaintiff's counsel argues in this case the uniqueness of this action while they argue in the Missouri circuit courts the commonality of the related actions.  Defendants invoke federal court precedent to argue that a plaintiff ought not be able to avoid CAFA jurisdiction by splintering into separate actions what would otherwise be mass actions under CAFA.  Defendants argue that, if this court accepts plaintiff's arguments, CAFA would effectively be rendered ineffective, Congress's intent that nationwide cases be heard in federal court would be thwarted,

---

[1] The six other suits that were brought in Missouri courts and removed to this court are: Walker v. Monsanto Co., 4:11 CV 1654 CEJ; Stapleton v. Monsanto Co., 4:11 CV 1656 AGF; Nunn v. Monsanto Co., 4:11 CV 1657 CEJ; Rodriquez v. Monsanto Co., 4:11 CV 1658 AGF; Dublin v. Monsanto Co., 4:11 CV 1659 CEJ; and Hampton v. Monsanto Co., 4:11 CV 1662 CEJ.

and plaintiffs should be required to narrow their allegations in order to avoid removal. Defendants, relying on Westerfeld v. Independent Processing, LLC,[2] and Freeman v. Blue Ridge Paper Products, Inc.,[3] contend that for jurisdictional purposes, the claims from the similar actions should be viewed as one "mass action."

CAFA's "mass action" jurisdictional provision confers federal jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).

Defendants' theory is contravened by the plain language of CAFA which, by its clear terms, restricts "mass actions" to suits involving 100 or more plaintiffs. Hartford Underwriters Ins. Co. v. Union Planters Bank, 530 U.S. 1, 6 (2000) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (citation omitted)); see also 28 U.S.C. § 1332(d)(11)(B)(ii)(II) (excluding from the definition of "mass action" any civil action in which "the claims are joined upon motion of a defendant").

Each of the six other actions that were removed from the Missouri courts have since been remanded. See, e.g., Hampton v. Monsanto Co., 4:11 CV 1662 CEJ, 2011 WL 5307835, at *1-3 (E.D. Mo. Nov. 3, 2011); Rodriguez v. Monsanto Co., No. 4:11 CV 1658 AGF, 2011 WL 5245251, at *1-3 (E.D. Mo. Nov. 2, 2011).

The court agrees with the reasoning in Hampton and Rodriquez. As these cases make clear, neither Westerfeld nor Freeman involved the "mass action" provision at issue here. See Westerfeld, 621 F.3d at 821-25 (analyzing the applicability of the "local-controversy exception" to federal jurisdiction over class actions); Freeman, 551 F.3d at 407-09 (analyzing whether claims can be aggregated to satisfy the monetary threshold of CAFA's class action federal jurisdiction provision).

---

[2] 621 F.3d 819 (8th Cir. 2010).

[3] 551 F.3d 405 (6th Cir. 2008).

The Seventh and Ninth Circuits have directly rejected defendants' theory.  See Anderson v. Bayer Corp., 610 F.3d 390, 393 (7th Cir. 2010) ("By excluding cases in which the claims were consolidated on a defendant's motion, Congress appears to have contemplated that some cases which could have been brought as a mass action would, because of the way in which the plaintiffs chose to structure their claims, remain outside of CAFA's grant of jurisdiction"); Tanoh v. Dow Chem. Co., 561 F.3d 945, 953 (9th Cir. 2009) ("Congress anticipated . . . that defendants . . . might attempt to consolidate several smaller state court actions into one 'mass action,' and specifically directed that such a consolidated action was *not* a mass action eligible for removal under CAFA." (emphasis in original)).

In sum, defendants' theory is contravened by the plain language of CAFA and the applicable case law.  Because defendants have not met their burden of establishing that all prerequisites to jurisdiction have been satisfied, remand is appropriate.  See Westerfeld, 621 F.3d at 822 (recognizing that under CAFA, the defendant still bears the burden of establishing federal jurisdiction).

### III.  CONCLUSION

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff Helen Hammonds to remand (Doc. 11) is sustained.  This action is remanded to the Circuit Court of St. Louis County for further proceedings.

**IT IS FURTHER ORDERED** that this action is administratively terminated.  All pending settings are vacated.


                                          /S/   David D. Noce
                                     **UNITED STATES MAGISTRATE JUDGE**


Signed on November 15, 2011.